**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 25 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLARENCE MOORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1109-CR-496 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Crawford, Judge
Cause No. 49G21-1105-CM-35893

**April 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Clarence Moore appeals his conviction for Class A misdemeanor invasion of privacy. We affirm.

## Issue

Moore raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

## Facts

Moore and Natasha Hill dated for one or two years. Hill petitioned for a protective order, which was granted on September 8, 2010. After she received the protective order, Moore continued calling her on the telephone, and she had her telephone number changed.

On May 20, 2011, at approximately 8:30 p.m., Hill and her friend, Krista Alter, were on Michigan Avenue in Indianapolis after leaving her college class. While they were stopped at a stop light, Alter, who was in the passenger seat, heard yelling. She looked to the right and saw a man in his vehicle two lanes away. There were no vehicles between Hill's car and the man's vehicle. The man was "swinging his arms out the window" and yelling "hey sexy." Tr. p. 27. Alter told Hill that someone was yelling, and Hill turned and saw that the man was Moore. Moore was looking at her, and Hill rolled her windows up and called the police.

The State charged Moore with Class A misdemeanor invasion of privacy for "being present in a place where [Hill] was located and/or speaking to her and/or

2

following her in a vehicle." App. p. 15. At the bench trial, Alter and Hill testified. Moore and two people that were in the vehicle with him at the time of the incident also testified that Moore did not yell at Hill or wave his arms. The trial court agreed that "incidental contact is not a violation of the protective order," but the trial court found Alter's testimony credible. Tr. p. 58. The trial court found Moore guilty as charged and sentenced him to 180 days suspended to probation.

**Analysis**

Moore argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

The offense of invasion of privacy is governed by Indiana Code Section 35-46-1-15.1, which provides that "[a] person who knowingly or intentionally violates . . . a protective order to prevent domestic or family violence issued under IC 34-26-5 . . . commits invasion of privacy." Moore argues that the State presented no evidence that he was following Hill or that he was purposely in her presence. Moore also argues that there is no evidence he was speaking to Hill.

Moore's argument is merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. Alter testified that, while they were

3

stopped at the stop light, she noticed a man in a vehicle two lanes away, who was "swinging his arms out the window" and yelling "hey sexy." Tr. p. 27. Alter told Hill that someone was yelling, and Hill turned and saw that the man was Moore. Hill testified that Moore was looking at her, and Moore admitted at the trial that he saw Hill at the stop light. This evidence is sufficient to prove that Moore knowingly or intentionally violated the protective order by speaking to Hill.

## Conclusion

The evidence is sufficient to sustain Moore's conviction for Class A misdemeanor invasion of privacy. We affirm.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.